**FILED**
**March 27, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 18-0595 *Lunsford et al. v. Shy*

**HUTCHISON, J., concurring in part and dissenting in part:**

I agree with the majority's legal conclusion that under federal law, and in the narrow arena of 42 U.S.C. § 1983 claims, a plaintiff may recover punitive damages even without an award for compensatory damages. The United States Supreme Court recognized that "punitive damages may be the only significant remedy available in some § 1983 actions where constitutional rights are maliciously violated but the victim cannot prove compensable injury." *Smith v. Wade*, 461 U.S. 30, 55 n.21 (1983) (quoting *Carlson v. Green*, 446 U.S. 14, 22 n.9 (1980)).[1] However, the majority's legal conclusion regarding section 1983 damages does not address the real problem in the case before us today. There is more going on here.

Even a cursory reading of the verdict form shows that the jury's award is internally inconsistent. Mr. Shy alleged that the three correctional officers were liable for their conduct in physically beating him on August 23, 2015. On the verdict form the jury found that while acting in the scope of their employment, each of the correctional officers used excessive force on Mr. Shy so as to violate Mr. Shy's federal Fourteenth Amendment rights (the claim for which he sought relief under 42 U.S.C. § 1983). The jury also found that each of the correctional officers committed the state law tort of battery on Mr. Shy. Next, the jury found that Mr. Shy suffered damages as a proximate result of the officers'

---

[1] I also agree with the majority's rejection of the petitioner's PLRA claim.

1

conduct. Nonetheless, despite these findings, the jury awarded zero in compensatory damages. The jury failed to award even a nominal amount for the annoyance and inconvenience, pain and suffering, or mental anguish that one would expect to result from being physically beaten and injured. The jury awarded punitive damages only, but punitive damages are not intended to compensate an injured party; rather, punitive damages are intended to punish and deter. *See, e.g., Smith*, 461 U.S. at 49. While there can be a section 1983 case where punitive damages should be awarded in the absence of compensable harm, this is not one of those cases. The jury found that Mr. Shy did prove a compensable injury, but because of jury confusion or some other reason, failed to award any compensatory damages.

When presented with an inconsistent verdict such as this, instead of searching for some way to support the inconsistency, the better approach would have been for the circuit court to re-submit the issue of compensatory damages to the jury. *See* W.Va. R. Civ. P. 49(b) (permitting trial court to return the jury for further consideration of inconsistent answers on verdict form). However, when Mr. Shy's lawyer made this motion, the correctional officers objected and the circuit court denied the request.

There is another obvious problem with the verdict and the majority's opinion. The jury found the defendants to be liable on *both* the federal section 1983 claim *and* the state law civil battery claim. Even though punitive damages may be awarded in the absence of compensatory damages for a section 1983 claim, our well-established state law prohibits

2

such an award for a state law claim. *See* Syl. Pt. 1, *Garnes v. Fleming Landfill, Inc.*, 186 W.Va. 656, 413 S.E.2d 897 (1991) (overruling previous case that allowed jury to return punitive damages without finding compensatory damages). The majority essentially assumes that all of the punitive damages awarded in this case were for the section 1983 claim, but there is no evidence or jury interrogatory to support this assumption. This problem could have been remedied if the trial court would have sent the jury back to address the issue of compensatory damages or to allocate the punitive damages award, but that did not occur.

In my opinion, because of the inconsistency in the verdict form, and because punitive damages cannot be awarded on a state law claim in the absence of an award of compensatory damages, this Court should have remanded the case to the circuit court for a new trial on the issue of damages only. This outcome would have been well-supported by our law on inadequate damages:

> In a civil action for recovery of damages for personal injuries in which the jury returns a verdict for the plaintiff which is manifestly inadequate in amount and which, in that respect, is not supported by the evidence, a new trial may be granted to the plaintiff on the issue of damages on the ground of the inadequacy of the amount of the verdict.

Syl. Pt. 3, *Biddle v. Haddix*, 154 W.Va. 748, 179 S.E.2d 215 (1971). More recently, in *Gunno v. McNair*, 2016 WL 6805006 (W.Va. Nov. 17, 2016) (memorandum decision), a driver brought a personal injury action against another motorist as the result of a car accident. The defendant admitted liability. The jury found that the plaintiff was injured as

a proximate result of the accident, but awarded her no damages for pain and suffering. This Court ruled that "[t]he award of zero dollars in damages is inherently inconsistent with the finding that [the plaintiff] was injured as a proximate result of the accident" and granted the plaintiff a new trial on damages. *Id.* at *4.

Even more on point is the Fourth Circuit Court of Appeals' opinion in *Hafner v. Brown*, 983 F.2d 570 (4th Cir. 1992). In *Hafner*, a jury assessed punitive damages, but no compensatory damages, against two police officers who the jury found had used excessive force during an arrest. *Id.* at 574. The district court judge deemed the verdict inconsistent and re-submitted it to the jury. *Id.* at 575. On appeal, the Fourth Circuit found no error in the district court's actions. The Fourth Circuit explained that a trial judge who "concludes that an inconsistent verdict reflects jury confusion or uncertainty . . . has the duty to clarify the law governing the case and resubmit the verdict for a jury decision." *Id.* (citation omitted).

Accordingly, while I concur in the majority's conclusion regarding the federal law of damages for 42 U.S.C. § 1983 claims, I respectfully dissent to the majority's decision to simply affirm the judgment. I would reverse this damages award and remand for a new trial solely on the issue of damages.